# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **DENISE DUKES** )  ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 2:18-cv-877-ECM-GMB |
| **WAL-MART INC. CHANTILLY** ) **PARKWAY STORE #4407,** ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Plaintiff's motion to remand to state court.[1] (Doc. 5). Defendant has filed a memorandum in opposition. (Doc. 10). On September 7, 2018, Denise Dukes filed a Complaint against Wal-Mart Inc. Chantilly Parkway Store #4407 ("Wal-Mart")[2] in the Circuit Court of Montgomery County, Alabama, alleging two state law claims arising from injuries Plaintiff alleges that she sustained while shopping at Wal-Mart. (Doc. 1-1). Plaintiff did not specify any amount of damages she was seeking for either of her claims, but alleged that she

---

[1] Plaintiff's "Objection to Removal" (Doc. 5) has been construed by this Court as a motion to remand. (Doc. 6).

[2] In its Answer, Defendant states that it is "Wal-Mart Stores East, L.P., incorrectly designated in the Complaint as 'Wal-Mart Inc. Chantilly PKWY Store #4407,'" and Plaintiff appears to concede the same. (Doc. 5 at ¶ 1).

"sustained injuries from a falling metal rod that hit Plaintiff in the head and rendered Plaintiff unconscious." *Id.* at ¶ 12.

Defendant timely removed the case on October 11, 2018, contending that removal was proper under 28 U.S.C. §§ 1332, 1441, and 1446 because it is an action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. (Doc. 1). "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The burden of persuasion for establishing diversity jurisdiction remains on the party asserting it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

On October 19, 2018, Plaintiff moved to remand. (Doc. 6). Plaintiff argued that "[n]o amount has been claimed against the Defendant and no amount is thus in controversy nor is there any true controversy as to citizenship which is waived by the Solicitation and active ongoing business of the Defendant in this State and this County." (Doc. 5 at ¶ 3).

Federal court removal is governed by 28 U.S.C. § 1441(a), which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the

place where such action is pending." Removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108 (1941); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of remand."). The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence, and the removing party must present facts establishing its right to remove. *Williams v. Best Buy Company, Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. *Williams,* 269 F.3d at 1321.

A defendant desiring to remove a civil action must file a notice of removal, together with all process, pleadings, and orders served upon the defendant in the appropriate United States District Court. 28 U.S.C. § 1446(a). The federal removal statute sets forth the proper procedure for removal of state actions to federal court and provides in relevant part:

> (1) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

The Eleventh Circuit has clarified the requirements of this statutory provision, explaining that "[u]nder the first paragraph of § 1446(b), a case may be removed on the face of the complaint if the plaintiff has alleged facts sufficient to establish the jurisdictional requirements." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 n. 63 (11th Cir. 2007).  The court continued:

> Under the second paragraph, a case becomes removable when three conditions are present: there must be (1) an amended pleading, motion, order or other paper, which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can first ascertain that federal jurisdiction exists.

*Id.* (citations and quotation marks omitted). According to the *Lowery* court, "the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction." *Id.* (citations omitted).

A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).  Complete diversity is lacking where any party on one side of the suit is from the same state as any party on the other side. *Strawbridge v. Curtiss,* 7 U.S. 267 (1806).  The Defendant in this case, Wal-Mart Stores East, LP, is a limited partnership. (Doc. 9 at 1).  For purposes of diversity of citizenship, a limited partnership is a citizen of each State in which any of its partners, limited or general, are citizens. *Rolling Greens MHP, L.P. v.*

*Comcast SCH Holdings L.L.C.,* 374 F.3d 1020, 1021 (11th Cir. 2004) (citing *Carden v. Arkoma Assoc.,* 494 U.S. 185, 195-96 (1990)).  Wal-Mart Stores East, LP has met its burden by showing that it is a limited partnership organized under the laws of Delaware and having its principal place of business in Arkansas, of which WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner. Both WSE Management, LLC and WSE Investment, LLC are incorporated under the laws of Delaware and have their principal place of business in Arkansas. (Doc. 9).  Complete diversity of citizenship therefore exists in this case.

To meet the amount in controversy requirement, the removing defendant must demonstrate that the amount in controversy likely exceeds the court's jurisdictional threshold:

> Where the complaint does not expressly allege a specific amount in controversy, removal is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.  If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed . . . A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.

*Williams*, 269 F.3d at 1319-1320.  *See also Pretka*, 608 at 754-55 (noting that a removing party may present additional evidence, such as business records and

affidavits, to satisfy its jurisdictional burden, but is not required to prove the amount in controversy "beyond all doubt or to banish all uncertainty about it").

Wal-Mart's Notice alleged "it is facially apparent from the Complaint that the Plaintiff's claims exceed the requisite amount in controversy." (Doc. 1 at ¶ 12). However, Plaintiff's state court Complaint "demands judgment in an amount which exceeds the minimum jurisdictional amounts of this Honorable Court..." (Doc. 1-1 at 3). As such, Plaintiff's complaint was "indeterminate" in that "the plaintiff ha[d] not pled a specific amount of damages, [thus] the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams*, 269 F.3d at 1319. Nevertheless, Wal-Mart argues that the amount in controversy is sufficiently evidenced because "Plaintiff's pre-suit settlement demand exceeds $75,000.00." (Doc. 1 at ¶ 12). Regarding removal under § 1446(b), the Eleventh Circuit has stated that

> in assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff—be it the initial complaint or a later received paper—and determines whether that document and the notice of removal unambiguously establish federal jurisdiction. This inquiry is at the heart of a case, such as the one before us, in which the plaintiffs challenge removal by filing a timely motion to remand under § 1447(c). In assessing whether removal was proper in such a case, the district court has before it only the limited universe of evidence available when the motion to remand is filed — i.e., the notice of removal and accompanying documents. If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings. *See Lindsey v. Ala. Tel. Co.,* 576 F.2d 593, 595 (5th Cir.1978) (holding that, where a complaint did

>not specify the number of plaintiffs in a class action, it was not open to the defendants or the court to speculate that the class was small enough to establish the minimum amount in controversy). The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars.

*Lowery*, 483 F.3d at 1213–15 (footnotes omitted).

>Courts have not articulated a single test for identifying "other paper," but numerous types of documents have been held to qualify. They include: responses to request for admissions, *Wilson v. Gen. Motors Corp.,* 888 F.2d 779, 780 (11th Cir. 1989); settlement offers, *Addo v. Globe Life & Accident Ins. Co.,* 230 F.3d 759, 761–62 (5th Cir. 2000); interrogatory responses, *Akin v. Ashland Chem. Co.,* 156 F.3d 1030, 1036 (10th Cir. 1998); deposition testimony, *S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 494 (5th Cir. 1996); demand letters, *Williams v. Safeco Ins. Co.,* 74 F.Supp.2d 925, 929 (W.D. Mo. 1999); and email estimating damages, *Callahan v. Countrywide Home Loans, Inc.,* No. 3:06–105, 2006 WL 1776747, at *3–*4 (N.D. Fla. June 26, 2006).

*Lowery*, 483 F.3d at 1213, n.62. The Eleventh Circuit has noted that a "settlement offer, by itself, may not be determinative, [but] it counts for something." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994). Courts have regularly considered the details (or lack thereof) of settlement demand letters as evidence to support jurisdiction when such letters have been attached as exhibits to a defendant's response in opposition to a motion to remand. *See Lucas v. USAA Cas. Ins. Co.*, 716 F. App'x 866, 867 (11th Cir. 2017)("Moreover, upon removal USAA submitted a demand letter from the Lucases's counsel which demanded the $400,000 policy limit and detailed various expenses that well exceeded $75,000."); *Mitchell v. Family Dollar Stores of Fla., LLC*, No. 8:18-CV-1640-T-33AAS, 2018 WL 3548694, at *2

(M.D. Fla. July 24, 2018) ("There are no specific facts to support this hypothetical calculation, which suggests these demands are mere puffery, rather than accurate assessments of the amount in controversy."); *Thorn v. Waffle House, Inc.*, No. 2:17CV220-CSC, 2017 WL 2454068, at *2 (M.D. Ala. June 6, 2017) ("There is no explanation of the nature of the plaintiff's injuries or how his injuries would support damages in that amount. … The offer does not itemize any injuries or damages and there is no way to accurately measure damages from the letter or the plaintiff's complaint. … The settlement letter is quintessentially posturing steeped in puffery with no specific information "from which an assessment of damages could be reasonably inferred." *Ryals* [*v. Wal-Mart Stores East, L.P.*], 2016 WL 7173884 at *5."); *Summers v. Pier I Imports (U.S.), Inc.*, No. 17-80638-CIV, 2017 WL 7796068, at *2, n.1 (S.D. Fla. Aug. 16, 2017)("Here, the pre-suit demand letter, which attached medical records and photographs, provides a lengthy description of the various medical services and treatments that Mr. Summers sought and received.").

In this case, Wal-Mart makes the bare assertion that "Plaintiff's pre-suit settlement demand of in excess of $75,000 … is a reasonable inference that Plaintiff is seeking in excess of $75,000 as damages in the lawsuit." (Doc. 10 at ¶ 5). However, Wal-Mart did not attach the settlement letter, state the amount which Plaintiff demanded, outline the basis, if any, upon which Plaintiff based the amount

of her settlement demand, or provide any other allegation or other paper sufficient to meet its burden.  Wal-Mart has not provided this Court with any specific information about the demand letter or the damages claimed therein to find that Wal-Mart has met its burden to prove the amount in controversy.  Accordingly, Wal-Mart, as the removing party, has not proven by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.

Accordingly and for the reasons discussed herein, it is

**ORDERED** that Plaintiff's motion to remand (Doc. 5) be and is **GRANTED**.

This action is **REMANDED** to the Circuit Court of Montgomery County, Alabama.  The Clerk of the Court is **DIRECTED** to take appropriate steps to effectuate the remand.

**DONE** and **ORDERED** this 30th day of November 2018.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE